DOE *ex dem.* WINCHESTER and another *v.* AIKEN, Tenant in Possession.

*(Circuit Court, S. D. Georgia, E. D. 1887.)*

1. EVIDENCE—FOUNDATION FOR SECONDARY.
    On a motion to introduce secondary evidence of a deed, the amount of evidence to show the existence of the original will vary with the circumstances of each case. Where no direct issue is made upon the fact, slight evidence will be sufficient.[1]

2. EJECTMENT—DEFENSES—FEDERAL COURTS.
    In the courts of the United States an equitable defense cannot be heard to defeat the legal title in an action of ejectment, nor will a homestead exemption under the state laws, taken on land to which the plaintiff has the legal title, defeat his action.

*(Syllabus by the Court.)*

Motion for New Trial by Defendant.

[1] Respecting the admissibility of secondary evidence, see Anglo-American P. & P. Co. v. Cannon, *ante,* 313, and note.

*Lester & Ranenel*, for the motion.
*Henry B. Tompkins* and *Denmark & Adams*, contra.

SPEER, J. This was an action of ejectment to recover an island on the sea-coast, containing 4,000 acres, and known as "Heard's Island." On the twenty-sixth November, 1883, the cause was tried before the Honorable JAMES W. LOCKE, district judge, presiding by designation in this district, and a verdict was rendered for the plaintiff. The defendant thereupon made a motion for a new trial on two grounds:

*First*, that the court erred in the admission of a copy deed. The only grounds necessary to consider are as follows: It is insisted that the court erred in admitting a certified copy of the deed from the sheriff of McIntosh county without sufficient proof of the loss of the original.

Section 3769 of the Code of Georgia provides:

"The existence of a genuine original is essential to the admissibility of a copy. The amount of evidence to show such existence must vary with the circumstances of each case. Where no direct issue is made upon the fact, slight evidence would be sufficient."

On the trial Henry B. Tompkins, of counsel for complainant, stated:

"I wrote to Thomas E. Blackshear for the deed to him made in February, 1877, by the sheriff of McIntosh county, conveying the lands in dispute. I have also inquired for it of the clerk of McIntosh county, and have not been able to find the original. My inquiries and search have been diligent."

It was not disputed that the deed was in existence, and in fact the original was produced in court on this hearing. Finding that the copy introduced to the jury was a correct transcript of the original, I hold that, while the evidence of search was not so diligent and thorough as it might have been, the defendant was not prejudiced.

The *second* and more important ground is that on 75 acres of this land the defendant had taken out the homestead under section 2040 of the Code of Georgia, which provides, among other things, "that 50 acres of land, and 5 additional acres for each of the applicant's children under the age of 16 years, shall be exempt from levy and sale by virtue of any process whatever under the laws of this state; nor shall any valid lien be created therein," etc.

It appears that the defendant, Aiken, was formerly the owner of this entire tract; that on the eighth day of December, 1866, he executed a mortgage thereon for $15,000 to the Townsend Saving Bank of the state of Connecticut. The mortgage was foreclosed by bill in this court on May 25, 1877, and under the judgment of foreclosure the United States marshal sold this land to the plaintiffs on the sixth day of November, 1877, and delivered to them his deed therefor. Previously, to-wit, in January, 1877, the land was sold by the sheriff of McIntosh county to Thomas E. Blackshear, under a tax *fi. fa.* against the defendant, Aiken, for non-payment of taxes due to the state and county. On June 23, 1877, the defendant, Aiken, by virtue of section 898 of the Code of Georgia, which authorizes the owner of land sold under a tax execution to redeem the same within one year, by paying the purchaser the amount

paid thereon, with 10 per cent. interest from the date of the purchase, attempted to redeem 75 acres of the land, and Blackshear, the purchaser, executed to him the following receipt:

"Received, Thomasville, June 23, 1877, from Isaac M. Aiken, eighty cents, in full for his state and county tax, with 10 per cent. interest on same to date, for an exemption of 75 acres on Heard's island.

[Signed]                          "THOMAS E. BLACKSHEAR."

The defendant then applied for and had set apart to him the homestead exemption above referred to.

On the twenty-fifth day of December of the same year Blackshear also executed to the plaintiffs his deed conveying the entire tract to the plaintiffs in consideration of $43 for taxes he had paid for Aiken at the tax sale. It is insisted by the defendant that Blackshear held this land, under his tax purchase, simply as a trustee for Aiken; and that Aiken having the real equity in the title, his homestead should have prevented the sale under the mortgage *fi. fa.* of the Townsend Saving Bank; and for that reason the purchasers under the foreclosure sale, who are the plaintiffs here, took no title. It is true, possibly, that the defendant, in respect to these facts, has the right to complain of Blackshear's conduct, viz., that, when he paid the sum of 80 cents to Blackshear, the latter, if he regarded that amount as an adequate sum to redeem 75 acres, ought to have executed a reconveyance, conveying the title to Aiken. But it is also true that the receipt which Blackshear did execute does not, under the law of Georgia, pass the title. Now, the controversy here is upon the legal title. In the courts of the United States an equitable defense cannot be heard to defeat the legal title in an action of ejectment. The plaintiffs also purchased and took a deed from Blackshear of his title purchased at the tax sale. The fact that he may have been under obligation to permit Aiken to redeem 75 acres cannot defeat his subsequent deed to plaintiffs. His bad faith would give the defendant a right of action against him, but that is not involved here. Not having the title to the land covered by the homestead, the homestead must fail, as against the title of the plaintiffs, and the motion for a new trial is overruled.